NO. 12-03-00115-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


CURTIS RATLIFF,                                           §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Curtis Ratliff was convicted for felony driving while intoxicated and sentenced to twenty
years of imprisonment and a $10,000 fine. In three issues, Appellant challenges the legal and factual
sufficiency of the evidence and asserts juror misconduct. We affirm.

BackgroundAppellant was charged by indictment with felony driving while intoxicated. At trial,
Appellant pleaded “not guilty” and tried his case to a jury. Troy Worley, a witness for the State,
testified that on September 10, 2002, he observed a blue BMW driving erratically and proceeding
eastbound between Flint and Whitehouse on FM 346. Worley was driving immediately behind the
BMW. Worley called 9-1-1 after the BMW veered off the road for a second time. Several times,
oncoming vehicles were forced to drive off the road to avoid being hit by the BMW. At one time
as the BMW swerved, Worley saw the driver’s head fall over, hitting the driver’s-side window. 
During the entire drive, Worley estimated that the BMW crossed into the left lane twelve to fifteen
times. After driving for eight to nine miles, the BMW turned into a mobile home park, and Worley
followed it. As he was turning into the park, Worley saw two Whitehouse police vehicles
approaching. The police vehicles turned into the park immediately after Worley. The driver of the
BMW turned into a driveway later determined to be his residence, then backed up into the street and
pulled up several times. 
            Once the BMW came to a complete stop, Officer Patrick Knotts approached the vehicle. 
Knotts saw that Appellant had an open container of beer sitting between his legs. When asked if he
had been drinking, Appellant admitted that he had consumed six beers and that he had consumed the
last beer within the previous thirty to forty minutes. 
            In the meantime, Officer Jeff Fite spoke with Worley. After releasing Worley, Fite joined
Knotts and Appellant at the BMW. Both officers noticed the strong smell of alcohol on Appellant’s
breath and also noticed that his eyes were red and glassy. Each testified that he had difficulty
maintaining balance and became belligerent with them. The officers arrested Appellant for driving
while intoxicated.
            At trial, the jury found Appellant “guilty,” assessed a $10,000 fine, and sentenced him to
twenty years of imprisonment. Appellant now appeals from that conviction and sentence. 

Sufficiency of the Evidence
            In his first two issues, Appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction.
Standard of Review
            In reviewing a legal sufficiency challenge, the appellate court examines the evidence in the
light most favorable to the judgment to determine whether a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789,
61 L. Ed.2d 560 (1979)). The jury is the exclusive judge of (1) the facts, (2) the credibility of the
witnesses, and (3) the weight to be given to the testimony of each witness. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981). As fact finder, a jury may reject all or any part of a
witness’s testimony. Id. A successful legal sufficiency challenge results in the rendition of an
acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 
            In conducting a factual sufficiency review, the appellate court must review all of the
evidence, but not in the light most favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). We must determine whether a neutral review of all the evidence, both for
and against the challenged finding, demonstrates that a rational juror could find guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually insufficient when evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilty beyond a reasonable doubt. Id. Evidence is also factually insufficient
when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Id. at 484-85. In performing a factual sufficiency review, we defer to the fact
finder’s determinations, including those involving the credibility and demeanor of witnesses. Id. at
481. The only question to be answered in a factual sufficiency review is whether, considering the
evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable
doubt. Id. at 484. 
Applicable Law and Discussion
            A person commits the offense of felony driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place and it is shown that the person has previously been
convicted two times of any other offense relating to the operating of a motor vehicle while
intoxicated. Tex. Pen. Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon 2003). 
            Appellant argues that the evidence is legally insufficient to prove that he was the person
Worley saw operating the car. He does not dispute that he was intoxicated nor does he challenge the
evidence of his prior convictions. However, he claims that there is a break between the time Worley
saw the BMW being driven erratically and the time the police officers first approached Appellant. 
He also claims that since Worley never saw Appellant’s face, Worley “only presumed it was a male”
driving the car, and “a conviction should not be based on a presumption.” 
            Officer Knotts witnessed Appellant turning from FM 346 into the mobile home park although
he did not witness the erratic driving about which Worley testified. He saw Appellant turning into
his driveway, then backing into the road and pulling back into the driveway several times. He
approached Appellant immediately after Appellant put the car in “park.” Officer Knotts identified
Appellant as the person who had been driving the BMW. A rational trier of fact could have found
beyond a reasonable doubt that Appellant was the driver of the BMW based on the officer’s
identification of Appellant. Appellant’s legal sufficiency argument fails; consequently, we overrule
his first issue.
            Worley admits that he did not see Appellant’s face prior to the trial. However, Worley was
following behind the erratically-driven BMW for eight to nine miles. After calling 9-1-1, Worley
remained on the phone with the dispatcher and continued following the BMW until he and the
officers followed the BMW as it turned into a mobile home park. No other person was in the BMW
with Appellant. Further, Officer Knotts identified Appellant as the driver of the BMW. 
            The jury accepted the State’s version of the facts and found against Appellant. In our
evaluation, we should not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony. See Santellan, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
In our neutral review of all the evidence, both for and against the finding, we have not discovered 
any evidence that causes us to conclude the proof of guilt is too weak to support the finding of guilt
beyond a reasonable doubt. Nor does the record reveal contrary evidence so strong that guilt cannot
be proven beyond a reasonable doubt. Thus, we hold that the evidence is factually sufficient to
support the jury’s verdict. Consequently, we overrule Appellant’s second issue.

Juror Misconduct
            In his third issue, Appellant asserts that the trial court erred by denying his motion for mistrial
after a juror spoke to a group of three prosecution witnesses. 
Applicable Law
            No person is allowed to converse with a juror about the case on trial except in the presence
and by the permission of the court. Tex. Code Crim. Proc. Ann art. 36.22 (Vernon 1981). When
a juror converses with an unauthorized person about the case, injury to the accused is presumed and
a new trial may be warranted. Robinson v. State, 851 S.W.2d 216, 230 (Tex. Crim. App. 1991). 
However, the State may rebut this presumption of harm. Id. In determining whether the State
rebutted the presumption of harm, appellate courts should defer to the trial court’s resolution of the
historical facts and its determinations concerning credibility and demeanor. Quinn v. State, 958
S.W.2d 395, 401 (Tex. Crim. App. 1997). Before a new trial is warranted, there must be injury to
the accused. McMahon v. State, 582 S.W.2d 786, 793 (Tex. Crim. App. 1978). Id. Thus, if it is
shown that nothing prejudicial to the accused was said, the verdict will be upheld. Id.
Discussion
            In the present case, Matthew Bailey, a bailiff from another court, informed the trial court that
he saw a juror talking to three witnesses for the State – Officers Patrick Knotts, Stephen Snyder, and
Jeff Fite. At a hearing on the matter, the trial court found that juror Johnny Mauldin had spoken very
briefly to the officers and that they made nominal responses. Appellant moved for a mistrial, but the
court denied the motion. The court based its denial upon the conclusion that, although the
interaction was inappropriate, the conversation was brief and did not make an impact on the juror
or the witnesses. 
            At the hearing, Mauldin stated that he had forgotten that he was not allowed to talk to the
witnesses. Mauldin initiated the conversation as he was walking by the officers. He admitted that
he had commended the officers for doing a good job. He explained that by that comment, he meant
that he was impressed with how well they explained themselves on the witness stand. Consistent
with his explanation for his first comment, Mauldin also asked one of the witnesses if he was the
officer who had explained the fingerprinting analysis. The officer denied being that person. Mauldin
maintained he had not made up his mind on the guilt or innocence of Appellant. 
            The officers each testified to essentially the same thing: that the juror approached them and
said they were doing a good job. The officers only responded with a “thank you.” The bailiff
testified that the officers were clearly uncomfortable, knowing the juror should not be addressing
them, but confirmed that they responded only minimally before the juror walked away. 
            Appellant also asserts that Mauldin gave one of the officers a “friendly slap” on the back as
he approached them. Appellant fails, however, to provide any proof that a rapport developed
between the two men or to cite any authority for his proposition that the court abused its discretion
in failing to grant his mistrial on that basis. The hearing revealed that nothing prejudicial to
Appellant was said and that Appellant was not harmed. Thus, we hold that the trial court did not
abuse its discretion by overruling Appellant’s motion for a mistrial. Consequently, we overrule
Appellant’s third issue.




Disposition
            Having overruled Appellant’s three issues, the trial court’s judgment is affirmed. 
 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered November 24, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.













(DO NOT PUBLISH)